David T. Gibbons, J.
This Huntley-Miranda type hearing was conducted to determine the admissibility and voluntariness of certain admissions, statements or confessions allegedly made by the two youthful offender defendants charged with a burglary alleged to have been committed in a dwelling at 18 Radnor *14 Road, Plainview, New York. (Code Crim. Pro., §§ 395, 813-f et seq.)
The court finds the facts as follows: Detective George Wischerth, of the Nassau County Police Department, in the course of investigating said burglary, went to the home of the defendant, Edwin R. on February 28, 1968. He was met at the door by the boy’s mother. He identified himself and told her that her son may be involved in a burglary. Mrs. R. summoned her son, who was upstairs, to come down. When the boy came into the presence of the detective, the detective asked his name, introduced himself and said that lie was investigating a burglary. He then told the boy that ‘ ‘ he would have the right to remain silent, that any statement that he would make could be used as evidence against him in court, that he has a right to consult with a lawyer before answering any questions, and if he couldn’t afford an attorney one would be present for him — one would be furnished for him and without answering any questions, any further questions he has the right to talk with the attorney first.”
After giving such advice, he asked if he understood and the young man said, “ Yes ”. The detective then informed Mrs. R. that he was going to take the boy to the 8th Precinct and that she could accompany him if she wished. She told the detective that her husband would be coming home from work in a short time and that she would then go to the station house with him.
At about 7:00 p.m. the defendant’s father and mother arrived at the station house. Up to that point the Detective had not asked any questions. The boy’s father was advised as to what had transpired. Again, the Detective, in the presence of the father, advised the boy concerning his constitutional rights to the aid of counsel and his privilege against self incrimination as prescribed by Miranda v. Arizona (384 U. S. 436). The Detective then asked the boy if he understood what he had just mentioned and the defendant, R. again answered, “ Yes ”.
The Detective then commenced to ask him questions and the boy then gave an oral inculpatory statement. The parents of the defendant, Edwin R., were present at all times while he was being interrogated. The young man was not threatened, nor was any force or coercion used against him. No requests made by the boy were denied. A request by the Detective for Edwin R. to sign the typewritten statement was refused by the boy after conferring with his father. It is admitted that nothing was said by the defendant or hir parent about a lawyer. There was no express statement by the defendant, Edwin R., *15 waiving Ms right to the aid of counsel or to submit to interrogation without counsel.
On the same night, shortly after 9:00 p.m., wMle Detective Wischerth was at the 8th Precinct station house, the defendant, Gerard S., came to the station house with his father. They were brought into a room by themselves. Detective Wischerth entered the room, and identified himself as a Detective, and told them he was investigating a burglary at 18 Radnor Road, Plainview, New York. He advised the defendant, in the presence of his father, that “ he has the right to remain silent, and that any statement that he did make could be used as evidence against him in court, that he has a right to consult with an attorney, or to have an attorney present before answering any questions, if he could not afford an attorney, one would be furnished for him, and before any further questioning or answering of questions, he would have this right to consult with an attorney”. The Detective then asked the boy if he understood what he just said, and the boy said that he did. At this time Mr. S. stated that if his son was involved that it was his wish that his son truthfully answer all questions put to him. The Detective then began the interrogation with defendant Gerard S.’ father present at all times while he was being questioned. The defendant, Gerard S. refused to give a written statement after consulting with his father. He did, however, give an oral inculpatory statement. No threats, force, or coercion were used, nor was the defendant put in fear by the Detective. No requests were made by the boy that were not honored. There was no express statement by the defendant declining the aid of counsel or an expression of willingness to submit to interrogation without counsel.
The court finds from the evidence herein that both defendants were subjected to in-custody interrogation and, therefore, subject to the safeguards prescribed by Miranda v. Arizona (supra).
The specific mandate of Miranda v. Arizona (supra, p. 475) in tMs regard, (with emphasis added) is expressed as follows: “An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained. A statement we made in Carnleyv. Cochran, 369 U. S. 506, 516 (1962) is applicable here: ‘ Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence *16 which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver ’ ”.
Failure to comply with these guidelines is dealt with on page 444 of Miranda v. Arizona (supra) as follows: “The prosecution may not use statements * * * stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination ”.
Under the said guidelines mandated by Miranda v. Arizona (supra) it is clearly stated that in addition to the giving of the fourfold warnings prior to an in-custody interrogation, there must be “an express statement that the individual is willing to make a statement and does not want an attorney ’ ’. This involves the affirmative act of the individual in the form of a specific answer to the question relating to waiver of such rights, and under no circumstances may such waiver of his constitutional rights rest upon silence .nor any inference from silence followed by a confession.
Although the respective Miranda advices were properly given to each defendant, the court, however, finds an absence of any express statement by either defendant waiving his privilege against self incrimination under the Fifth Amendment, and his right to counsel under the Sixth Amendment of the Constitution of the United States.
A response by one about to be interrogated that he understands the Miranda advices is not a sufficient compliance with the requirements of Miranda. To understand the meaning of the warnings is merely to say that one is possessed of sufficient comprehension of his constitutional rights to make an intelligent choice. It, however, does not constitute the choice. To admit an understanding of the advices is not such ‘ ‘ express statement ” as to constitute a waiver of the individual’s constitutional rights, which is a prerequisite to the legal admissibility in court of such statements as may follow. The classic definition of waiver as stated in Johnson v. Zerbst (304 U. S. 458, 464) is “an intentional relinquishment or abandonment of a known right or privilege ”. Here other than the defendants’ response to interrogation, there is no word, act, or gesture which could constitute an express waiver of the defendants’ privilege against self incrimination and of their right to counsel.
The relinquishment of such rights can be established only by the intentional act of the individual in the form of an “express statement ”. It is accomplished only by his own free act and in the case at bar, it cannot be inferred merely *17 from (1) the fact that the defendants understood the meaning of the Miranda advices; (2) the presence of the parents of the respective defendants during the interrogation; nor (3) in the ease of the defendant, Gerard S., that his father wanted him to make a full disclosure if he were involved.
It therefore follows that all statements made to law enforcement officers herein are inadmissible for failure of compliance with the demands of Miranda v. Arizona (supra).
Robert I., an acquaintance of the defendants, testified that at around noontime on February 28, 1968, he had a conversation with the defendants with respect to the alleged burglary.
The court finds that any such statements, admissions or confessions made by the defendants to Robert I. on February 28, 1968, in the vicinity of Radnor Road, Plainview, New York, were freely and voluntarily made without the use of any threats, force or coercion upon the defendants, and the same are admissible with respect to their voluntariness. It is left for the trial court to pass upon their admissibility on all other grounds. This court merely passes upon the voluntariness of such admissions, confessions or statements, without taking into consideration any objections that may be taken at the trial on any other grounds. (People v. Huntley, 15 N Y 2d 72; Code Crim. Pro. § 395.)
Accordingly, it is hereby ordered that the oral and written statements made by the defendants to Detective George Wischerth of the Nassau County Police Department on February 28, 1968, are not admissible as evidence upon the trial of this action, and it is further
Ordered, that the oral statements made by the defendants to Robert I. on February 28, 1968, are voluntary statements and are admissible as evidence upon the trial of this action.